APPEAL,CLOSED,TYPE–C

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:24–cv–02194–JEB</u>
### *Internal Use Only*

PUBLIC EMPLOYEES FOR ENVIRONMENTAL
RESPONSIBILITY et al v. REGAN et al
Assigned to: Chief Judge James E. Boasberg
 Related Case:  1:24–cv–00445–JEB
 Case in other court:  USCA, 24–05294
Cause: 15:2620 Toxic Substances Control Act

Date Filed: 07/25/2024
Date Terminated: 12/11/2024
Jury Demand: None
Nature of Suit: 893 Environmental Matters
Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY** | represented by | **Paula Naomi Dinerstein**<br>PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY<br>962 Wayne Avenue<br>Suite 610<br>Silver Spring, MD 20910<br>(202) 265–7337<br>Fax: (202) 265–4192<br>Email: <u>pdinerstein@peer.org</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Colleen Elizabeth Teubner**<br>PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY<br>962 Wayne Ave.<br>Suite 610<br>Silver Spring, MD 20910<br>202–464–2293<br>Email: <u>cteubner@peer.org</u><br>*ATTORNEY TO BE NOTICED* |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **CENTER FOR ENVIRONMENTAL HEALTH** | represented by | **Robert Matthew Sussman , I**<br>SUSSMAN AND ASSOCIATES<br>3101 Garfield Street Northwest<br>Washington, DC 20008<br>202–716–0118<br>Email: <u>bobsussman1@comcast.net</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**<u>Defendant</u>**

**MICHAEL S. REGAN**
*as Administrator of the United States*
*Environmental Protection Agency*

represented by **Heather E. Gange**
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
Division
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044
(202) 514–4206
Fax: (202) 514–8865
Email: heather.gange@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES**
**ENVIRONMENTAL PROTECTION**
**AGENCY**

represented by **Heather E. Gange**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**INHANCE TECHNOLOGIES LLC**

represented by **Catherine Emily Stetson**
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637–5491
Fax: (202) 637–5910
Email: cate.stetson@hoganlovells.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan Cook**
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637–6684
Fax: (202) 637–5910
Email: susan.cook@hoganlovells.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/25/2024 | 1 | COMPLAINT against ENVIRONMENTAL PROTECTION AGENCY ( Filing fee $ 405 receipt number ADCDC–11051007) filed by PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Civil Cover Sheet Related Case Form – Civil, # 3 Summons Agency, # 4 Summons US AG, # 5 Summons US Atty DC)(Teubner, Colleen) (Entered: 07/25/2024) |
| 07/25/2024 | 2 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY |

| | | (Teubner, Colleen) (Entered: 07/25/2024) |
|---|---|---|
| 07/25/2024 | 3 | NOTICE OF RELATED CASE by CENTER FOR ENVIRONMENTAL HEALTH, PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY. Case related to Case No. 24cv445 JEB. (znmw) (Entered: 07/29/2024) |
| 07/29/2024 | | NOTICE OF NEW CASE ERROR regarding 1 Complaint,. The following error(s) need correction: Noncompliance with LCvR 5.1(c). Please file a Notice of Errata stating the error and attach the corrected initiating pleading to include the name & full residence address of each party and file using the event Errata. Missing summonses– U.S. government. When naming a U.S. government agent or agency as a defendant, you must supply a summons for each defendant & two additional summonses for the U.S. Attorney & U.S. Attorney General. Please submit summons for defendant REGAN using the event Request for Summons to Issue. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (znmw) (Entered: 07/29/2024) |
| 07/29/2024 | 4 | ENTERED IN ERROR.....ERRATA by PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY. (Attachments: # 1 Summons Summons for Regan)(Teubner, Colleen) Modified on 7/29/2024; refiled as docket entry 7 (znmw). (Entered: 07/29/2024) |
| 07/29/2024 | 5 | ENTERED IN ERROR.....REQUEST FOR SUMMONS TO ISSUE filed by PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY. (Attachments: # 1 Summons US Atty for DC, # 2 Summons US AG, # 3 Summons Agency)(Teubner, Colleen) Modified on 7/29/2024; refiled as docket entry 7 (znmw). (Entered: 07/29/2024) |
| 07/29/2024 | 6 | ERRATA by PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY. (Attachments: # 1 Errata Complaint)(Teubner, Colleen) (Entered: 07/29/2024) |
| 07/29/2024 | 7 | REQUEST FOR SUMMONS TO ISSUE filed by PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY. (Attachments: # 1 Summons Agency, # 2 Summons US AG, # 3 Summons US Atty for DC)(Teubner, Colleen) (Entered: 07/29/2024) |
| 07/29/2024 | 8 | NOTICE of Appearance by Robert Matthew Sussman, I on behalf of CENTER FOR ENVIRONMENTAL HEALTH (Sussman, Robert) (Entered: 07/29/2024) |
| 07/29/2024 | | Case Assigned to Chief Judge James E. Boasberg. (znmw) (Entered: 07/29/2024) |
| 07/29/2024 | 9 | SUMMONS (4) Issued Electronically as to MICHAEL REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(znmw) (Entered: 07/29/2024) |
| 08/19/2024 | 10 | NOTICE of Appearance by Heather E. Gange on behalf of MICHAEL REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Gange, Heather) (Entered: 08/19/2024) |
| 09/11/2024 | 11 | MOTION to Intervene by INHANCE TECHNOLOGIES LLC. (Attachments: # 1 Memorandum in Support of Inhance's Motion for Leave to Intervene, # 2 Text of Proposed Order, # 3 Proposed Motion to Dismiss, # 4 Memorandum in Support of Inhance's Motion to Dismiss, # 5 Text of Proposed Order)(Cook, Susan) (Entered: 09/11/2024) |
| 09/11/2024 | 12 | |

| | | |
|---|---|---|
| | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by INHANCE TECHNOLOGIES LLC (Cook, Susan) (Entered: 09/11/2024) |
| 09/23/2024 | 13 | Unopposed MOTION for Extension of Time to File Response/Reply as to 11 MOTION to Intervene by MICHAEL REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Text of Proposed Order)(Gange, Heather) (Entered: 09/23/2024) |
| 09/23/2024 | | MINUTE ORDER: The Court ORDERS that: 1) Defendants' Consent 13 Motion for an Extension of Time is GRANTED; and 2) Defendants shall file any response to Plaintiff's 11 Motion to Intervene by September 30, 2024. So ORDERED by Chief Judge James E. Boasberg on 9/23/2024. (lcjeb1) (Entered: 09/23/2024) |
| 09/23/2024 | | Set/Reset Deadlines: Responses due by 9/30/2024. (znbn) (Entered: 09/23/2024) |
| 09/27/2024 | 14 | MOTION to Dismiss for Lack of Jurisdiction by MICHAEL REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Exhibit A – Letter Granting Administrative Petition, # 2 Exhibit B – Notice Initiating TSCA Proceedings, # 3 Text of Proposed Order Proposed Order)(Gange, Heather) (Entered: 09/27/2024) |
| 09/28/2024 | 15 | MOTION to Stay *Pending Resolution of Motion to Dismiss* by MICHAEL REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Exhibit A – Letter Granting Administrative Petition, # 2 Exhibit B – Notice Initiating TSCA Proceedings, # 3 Text of Proposed Order)(Gange, Heather) (Entered: 09/28/2024) |
| 09/30/2024 | | MINUTE ORDER: If any party opposes Defendants' 15 Motion to Stay, the Court ORDERS that it shall file such Opposition by October 2, 2024. So ORDERED by Chief Judge James E. Boasberg on 9/30/2024. (lcjeb1) (Entered: 09/30/2024) |
| 09/30/2024 | | Set/Reset Deadlines: Opposition due by 10/2/2024. (znbn) (Entered: 09/30/2024) |
| 10/01/2024 | 16 | Memorandum in opposition to re 15 Motion to Stay, *OF defendant USEPA* filed by CENTER FOR ENVIRONMENTAL HEALTH. (Attachments: # 1 Text of Proposed Order PROPOSED ORDER)(Sussman, Robert) (Entered: 10/01/2024) |
| 10/01/2024 | | MINUTE ORDER: The Court ORDERS that Defendants shall file any Reply to Plaintiffs' 16 Opposition by October 3, 2024. So ORDERED by Chief Judge James E. Boasberg on 10/1/2024. (lcjeb1) (Entered: 10/01/2024) |
| 10/01/2024 | 17 | NOTICE *of Agency Action* by MICHAEL REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Gange, Heather) (Entered: 10/01/2024) |
| 10/01/2024 | | Set/Reset Deadlines: Reply due by 10/3/2024. (znbn) (Entered: 10/02/2024) |
| 10/02/2024 | 18 | RESPONSE re 15 MOTION to Stay *Pending Resolution of Motion to Dismiss* filed by INHANCE TECHNOLOGIES LLC. (Cook, Susan) (Entered: 10/02/2024) |
| 10/02/2024 | 19 | REPLY to opposition to motion re 15 Motion to Stay, filed by MICHAEL REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Gange, Heather) (Entered: 10/02/2024) |
| 10/03/2024 | | MINUTE ORDER: The Court ORDERS that Defendants' 15 Motion to Stay is GRANTED IN PART and DENIED IN PART. The Court agrees that Defendants should not be burdened with further litigation while their Motion to Dismiss is pending. |

| | | |
|---|---|---|
| | | The Court will not, however, bar Plaintiffs from filing a Motion for Summary Judgment whenever they wish, but it will not require Defendants to respond until it decides the Motion to Dismiss. As Defendants presumably do not oppose Inhance's Motion to Intervene, the Court will also not stay further briefing on that Motion. So ORDERED by Chief Judge James E. Boasberg on 10/3/2024. (lcjeb1) (Entered: 10/03/2024) |
| 10/03/2024 | 20 | MOTION for Reconsideration re Order on Motion to Stay,, by MICHAEL REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Text of Proposed Order)(Gange, Heather) (Entered: 10/03/2024) |
| 10/03/2024 | | MINUTE ORDER: The Court ORDERS that if any party opposes Defendants' 20 Motion for Partial Reconsideration, it shall file such Opposition by October 7, 2024. So ORDERED by Chief Judge James E. Boasberg on 10/3/2024. (lcjeb1) (Entered: 10/03/2024) |
| 10/03/2024 | | Set/Reset Deadlines: Opposition due by 10/7/2024. (znbn) (Entered: 10/04/2024) |
| 10/04/2024 | 21 | RESPONSE re 20 MOTION for Reconsideration re Order on Motion to Stay,, filed by INHANCE TECHNOLOGIES LLC. (Cook, Susan) (Entered: 10/04/2024) |
| 10/07/2024 | | MINUTE ORDER: The Court ORDERS that the parties shall appear for a status hearing on October 8, 2024, at 10:30 a.m. via Zoom. So ORDERED by Chief Judge James E. Boasberg on 10/7/2024. (lcjeb1) (Entered: 10/07/2024) |
| 10/07/2024 | | Set/Reset Hearings: Status Conference set for 10/8/2024 at 10:30 AM in Telephonic/VTC before Chief Judge James E. Boasberg. (znbn) (Entered: 10/07/2024) |
| 10/07/2024 | | MINUTE ORDER: At the request of the parties, the Court ORDERS that the Status Conference set for October 8, 2024, at 10:30 a.m. is VACATED and RESET for October 11, 2024, at 10:30 a.m. via Zoom. So ORDERED by Chief Judge James E. Boasberg on 10/7/2024. (lcjeb1) (Entered: 10/07/2024) |
| 10/07/2024 | | Set/Reset Hearings: Status Conference set for 10/11/2024 at 10:30 AM in Telephonic/VTC before Chief Judge James E. Boasberg. (znbn) (Entered: 10/08/2024) |
| 10/11/2024 | 22 | STRICKEN PURSUANT TO THE MINUTE ORDER FILED ON 10/11/2024.....Memorandum in opposition to re 14 Motion to Dismiss/Lack of Jurisdiction, filed by PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY. (Attachments: # 1 Exhibit TESTING PETITION Ex. 1, # 2 Declaration EXHIBIT 2, # 3 Text of Proposed Order DENYING MOTION)(Sussman, Robert) Modified on 10/11/2024 (znbn). (Entered: 10/11/2024) |
| 10/11/2024 | | MINUTE ORDER: As discussed in today's status hearing, the Court ORDERS that the Government's 20 Motion for Reconsideration is GRANTED IN PART and DENIED IN PART. It shall file any Opposition to Inhance's 11 Motion to Intervene by November 1, 2024, and Inhance shall file any Reply by November 8, 2024. So ORDERED by Chief Judge James E. Boasberg on 10/11/2024. (lcjeb1) (Entered: 10/11/2024) |
| 10/11/2024 | | Minute Entry for proceedings held before Chief Judge James E. Boasberg: Status Conference held on 10/11/2024. Government's opposition to Inhance's 11 is due by 11/1/2024. Inhance reply due by 11/8/2024. (Court Reporter Tammy Nestor.) (zcll) (Entered: 10/11/2024) |
| 10/11/2024 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER: The Court ORDERS that Plaintiffs' 22 Opposition is STRICKEN for violating the Court's Local Rule on excessive footnotes. They shall file a brief with no more than 10 footnotes containing no more than 40 aggregate lines of text by October 15, 2024. So ORDERED by Chief Judge James E. Boasberg on 10/11/2024. (lcjeb1) (Entered: 10/11/2024) |
| 10/11/2024 | 23 | Memorandum in opposition to re 14 Motion to Dismiss/Lack of Jurisdiction, *Revised to reduce footnotes* filed by PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY. (Attachments: # 1 Exhibit section 21 TSCA petition, # 2 Exhibit Declaration of Kyla Bennett, # 3 Text of Proposed Order DENYING MOTION)(Sussman, Robert) (Entered: 10/11/2024) |
| 10/11/2024 | 24 | ERRATA re 23 Memorandum in opposition to re 14 Motion to Dismiss/Lack of Jurisdiction, *COMPLETE VERSION OF MEMO* filed by PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY. (Sussman, Robert) Modified event title and link on 10/15/2024 (znmw). (Entered: 10/11/2024) |
| 10/16/2024 | 25 | Consent MOTION for Extension of Time to File Response/Reply as to 14 MOTION to Dismiss for Lack of Jurisdiction *until October 25, 2024* by MICHAEL REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Text of Proposed Order)(Gange, Heather) (Entered: 10/16/2024) |
| 10/16/2024 | | MINUTE ORDER: The Court ORDERS that: 1) The Consent 25 Motion for Extension of Time is GRANTED; and 2) Defendants shall file a reply in support of their Motion to Dismiss by October 25, 2024. So ORDERED by Chief Judge James E. Boasberg on 10/16/2024. (lcjeb1) (Entered: 10/16/2024) |
| 10/16/2024 | | Set/Reset Deadlines: Joint Status Report due by 10/25/2024. (znbn) (Entered: 10/17/2024) |
| 10/24/2024 | 26 | REPLY to opposition to motion re 14 Motion to Dismiss/Lack of Jurisdiction, filed by MICHAEL REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Gange, Heather) (Entered: 10/24/2024) |
| 10/25/2024 | 27 | Joint STATUS REPORT by MICHAEL REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Gange, Heather) (Entered: 10/25/2024) |
| 10/25/2024 | 28 | RESPONSE re 27 Status Report filed by INHANCE TECHNOLOGIES LLC. (Cook, Susan) (Entered: 10/25/2024) |
| 10/30/2024 | 29 | Memorandum in opposition to re 11 Motion to Intervene, filed by UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, MICHAEL REGAN. (Gange, Heather) (Entered: 10/30/2024) |
| 11/08/2024 | 30 | REPLY to opposition to motion re 11 Motion to Intervene, filed by INHANCE TECHNOLOGIES LLC. (Stetson, Catherine) (Entered: 11/08/2024) |
| 12/09/2024 | 31 | ENTERED IN ERROR.....NOTICE *of Unavailability* by UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, MICHAEL S. REGAN (Gange, Heather) Modified on 12/10/2024 (znmw). (Entered: 12/09/2024) |
| 12/10/2024 | | NOTICE OF ERROR regarding 31 Notice (Other). The following error(s) need correction: Incorrect format (Letter)– correspondence is not permitted (LCvR 5.1(a)). Please refile. (znmw) (Entered: 12/10/2024) |

| 12/11/2024 | 32 | ORDER: For the reasons set forth in the accompanying Memorandum Opinion, the Court ORDERS that: 1) Defendants' 14 Motion to Dismiss is GRANTED; 2) Inhance Technologies LLC's 11 Motion to Intervene is DENIED as moot; and 3) The case is DISMISSED WITHOUT PREJUDICE. Signed by Chief Judge James E. Boasberg on 12/11/2024. (lcjeb1) (Entered: 12/11/2024) |
|---|---|---|
| 12/11/2024 | 33 | MEMORANDUM OPINION re: Order 32 on Motions to Dismiss and to Intervene. Signed by Chief Judge James E. Boasberg on 12/11/2024. (lcjeb1) (Entered: 12/11/2024) |
| 12/26/2024 | 34 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 32 Order on Motion to Intervene,, Order on Motion to Dismiss/Lack of Jurisdiction, 33 Memorandum & Opinion by PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY and CENTER FOR ENVIRONMENTAL HEALTH. Filing fee $ 605, receipt number ADCDC−11377287. Fee Status: Fee Paid. Parties have been notified. (Sussman, Robert) Modified on 12/26/2024 to add additional filer.(ztnr) (Entered: 12/26/2024) |
| 12/26/2024 | 35 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 34 Notice of Appeal to DC Circuit Court. (ztnr) (Entered: 12/26/2024) |
| 12/27/2024 | | USCA Case Number 24−5294 for 34 Notice of Appeal to DC Circuit Court, filed by PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, CENTER FOR ENVIRONMENTAL HEALTH. (mg) (Entered: 12/30/2024) |
| 01/24/2025 | 36 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 32 Order on Motion to Intervene,, Order on Motion to Dismiss/Lack of Jurisdiction, by INHANCE TECHNOLOGIES LLC. Filing fee $ 605, receipt number ADCDC−11431264. Fee Status: Fee Paid. Parties have been notified. (Cook, Susan) (Entered: 01/24/2025) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY and CENTER FOR ENVIRONMENTAL HEALTH, | ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Civil Action No. 1:24-cv-2194 (JEB) |
| MICHAEL REGAN, as Administrator of the Environmental Protection Agency, and ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) ) ) ) | |
| *Defendants*. | ) ) | |

**NOTICE OF APPEAL**

Notice is hereby given that Proposed Intervenor-Defendant Inhance Technologies LLC hereby appeals to the United States Court of Appeals for the D.C. Circuit from this Court's Memorandum Opinion and Order, ECF Nos. 32 & 33, denying Inhance's motion to intervene, entered in this action on December 11, 2024.

Respectfully submitted,

/s/ *Susan M. Cook*

| | |
|---|---|
| J. Tom Boer (D.C. Bar. No. 469585) | Susan M. Cook (D.C. Bar No. 462978) |
| HOGAN LOVELLS US LLP | Catherine E. Stetson (D.C. Bar No. 453221) |
| 4 Embarcadero Center, Suite 3500 | Adam M. Kushner (D.C. Bar No. 426344) |
| San Francisco, CA 94111 | Marlan Golden (D.C. Bar No. 1673073) |
| Tel: (415) 274-2300 | HOGAN LOVELLS US LLP |
| tom.boer@hoganlovells.com | 555 Thirteenth Street, NW |
| | Washington, D.C. 20004 |
| | Tel: (202) 637-5600 |
| | susan.cook@hoganlovells.com |
| | |
| Dated: January 24, 2025 | *Counsel for Inhance Technologies LLC* |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY,
*et al.*,

      Plaintiffs,

      v.                                 Civil Action No. 24-2194 (JEB)

MICHAEL REGAN, *et al.*,

      Defendants.

**<u>ORDER</u>**

      For the reasons set forth in the accompanying Memorandum Opinion, the Court

ORDERS that:

    1. Defendants' [14] Motion to Dismiss is GRANTED;

    2. Inhance Technologies LLC's [11] Motion to Intervene is DENIED as moot; and

    3. The case is DISMISSED WITHOUT PREJUDICE.

                                 <u>/s/ James E. Boasberg</u>
                                 JAMES E. BOASBERG
                                 Chief Judge

Date:  <u>December 11, 2024</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY,
*et al.*,

      Plaintiffs,

        v.

MICHAEL REGAN, *et al.*,

      Defendants.

Civil Action No. 24-2194 (JEB)

## MEMORANDUM OPINION

Frustrated by an inert regulatory process and setbacks in other courts, Plaintiffs Public Employees for Environmental Responsibility and Center for Environmental Health have brought this citizen suit under the Toxic Substances Control Act against the Environmental Protection Agency and its administrator, Michael Regan. At base, they seek to compel EPA to prohibit fluorination practices that produce a class of carcinogenic chemicals known as per- and polyfluoroalkyl substances (PFAS), which have been found in fluorinated plastic packaging (think: pesticide containers, bleach bottles, gas cans) manufactured by Inhance Technologies LLC.

The problem for PEER and CEH, however, is that after they filed this action, EPA initiated — at Plaintiffs' behest — a rulemaking to address the production of PFAS. In moving to dismiss, Defendants argue that this development has mooted Plaintiffs' primary request for relief. They further contend that the Court lacks jurisdiction to adjudicate Plaintiffs' additional

1

demand that EPA seek interim injunctive relief until such rule is effective.  Inhance, meanwhile, has filed a Motion to Intervene in the suit and, with it, a Motion to Dismiss for lack of standing. Because the Court agrees with Defendants that they have fulfilled any nondiscretionary duties under the TSCA, it will grant their Motion to Dismiss and deny as moot Inhance's Motion to Intervene.

## I.    Background

The relevant timeline for our narrative begins on March 29, 2023, the date by which Plaintiffs allege EPA possessed "conclusive data" showing both that a certain PFAS known as perfluorooctanoic acid (PFOA) is carcinogenic and that it lurks in the "tens of millions of plastic containers fluorinated by Inhance" that populate the U.S. economy.  See ECF No. 1 (Compl.), ¶ 8.  Armed with this information, Plaintiffs argue, EPA was obligated by statute to take certain actions to "prevent or reduce to a sufficient extent" the risk posed by PFOA (more on the basis of such obligation later).  See 15 U.S.C. § 2603(f).

The agency did so, ordering Inhance in December 2023 either to eliminate PFOA and other PFAS from its fluorination process or to temporarily halt production.  See Compl., ¶ 11; Inhance Techs., LLC v. EPA, 96 F.4th 888, 890 (5th Cir. 2024).  EPA issued that order under its authority to regulate "significant new uses" of specific categories of PFAS.  See 40 C.F.R. § 721.10536; 15 U.S.C. § 2604.  Inhance, however, had been using its PFAS-producing fluorination process since 1983.  See Inhance, 96 F.4th at 890.  The company thus challenged EPA's order, and, in March of this year, the Fifth Circuit vacated it, concluding that Inhance's fluorination process was not a "new" use within the meaning of the statute.  See id. at 893–95.

Worried that this development left PFAS unregulated, on April 11, 2024, Plaintiffs and other interested groups subsequently filed a petition asking EPA to initiate a rulemaking under

15 U.S.C. § 2605 to prohibit throughout the United States the manufacture and distribution of three PFAS (including PFOA) formed during the fluorination of plastic containers.  See ECF No. 14 (MTD) at 7.  On July 10, the agency granted that petition, informing Plaintiffs that it would "promptly commence an appropriate proceeding under" § 2605.  See ECF No. 14-1 (Pet. Grant) at 2.  "As part of that proceeding," EPA explained, it would first "request information" from the public "to ensure that any risks associated with" the PFAS under consideration "are appropriately evaluated and managed."  Id. at 3.

Plaintiffs, however, found EPA's proposed course of action unacceptably sluggish.  A little over two weeks later, they filed this lawsuit against Defendants under the TSCA's citizen-suit provision.  See Compl.; see also 15 U.S.C. § 2619(a)(2) (authorizing suits against EPA administrator by "any person").  In their first claim for relief, PEER and CEH ask the Court to order EPA to "immediately propose a rule . . . prohibiting the production of PFOA during the Inhance fluorination process."  Compl., ¶ 121.  Their second claim asks for an order requiring EPA to commence a suit against Inhance to prohibit the formation of PFOA during the fluorination process or otherwise to "make its proposed rule . . . imposing such a ban immediately effective upon publication in the Federal Register."  Id., ¶ 133.

Two months later, on September 30, 2024, EPA published in the Federal Register a notice seeking public comment as part of its rulemaking to address the risks of PFAS production during the fluorination of plastic containers.  See Certain PFAS Risk Management Under the TSCA; Request for Comment, 89 Fed. Reg. 79581 (Sept. 30, 2024).  In particular, it sought information regarding the "number, location, and uses of fluorinated containers in the United States"; "alternatives to the fluorination process that generates PFAS"; and "measures to address risk from [PFAS] formed during the fluorination of plastic containers."  Id. at 79582.  Such

information, EPA indicated, would "inform the Agency's path forward with respect to" a

rulemaking under § 2605.  Id.

## II.    Legal Standard

Because the issues in this case straddle the occasionally murky boundary between lack of

subject-matter jurisdiction and failure to state a claim, the Court will lay out both standards.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a plaintiff

generally bears the burden of proving that the court has subject-matter jurisdiction to hear its

claims.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 & n.3 (2006); Arpaio v. Obama,

797 F.3d 11, 19 (D.C. Cir. 2015).  A court has an "affirmative obligation to ensure that it is

acting within the scope of its jurisdictional authority," Grand Lodge of Fraternal Order of Police

v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001), which includes the obligation to consider

issues of mootness.  See Mine Reclamation Corp. v. FERC, 30 F.3d 1519, 1522 (D.C. Cir. 1994).

Unlike some other jurisdictional issues, however, the party asserting mootness — here, the

Government — bears the burden of establishing that the case is in fact moot.  See Honeywell

Int'l, Inc. v. NRC, 628 F.3d 568, 576 (D.C. Cir. 2010).  Additionally, unlike with a motion to

dismiss under Rule 12(b)(6), the court "may consider materials outside the pleadings in deciding

whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens Pharms., Inc. v.

FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which

relief may be granted.  In evaluating such a motion to dismiss, courts must "treat the complaint's

factual allegations as true . . . and must grant plaintiff the benefit of all inferences that can be

derived from the facts alleged."  Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C.

Cir. 2000) (quotation marks and citations omitted).  Although "detailed factual allegations" are

not necessary to withstand a Rule 12(b)(6) motion, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.

544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face,'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting

<u>Twombly</u>, 550 U.S. at 570) — that is, the facts alleged in the complaint "must be enough to raise

a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

### III.    Analysis

Congress enacted the TSCA in 1976 to limit the public-health risks posed by dangerous

chemicals. <u>See</u> 15 U.S.C. § 2601 <em>et seq</em>. As previewed, the statute contains a citizen-suit

provision, similar to those in other environmental statutes, that authorizes civil suits against

EPA's administrator to compel him "to perform any act or duty under this chapter which is not

discretionary." <u>Id.</u>, § 2619(a)(2). A nondiscretionary duty arises when the statute "categorically

mandates that all specified action be taken by a date-certain deadline." <u>Env't Def. Fund v.</u>

<u>Regan</u>, 2024 WL 3887383, at *7 (D.D.C. Aug. 20, 2024) (cleaned up) (quoting <u>Sierra Club v.</u>

<u>Thomas</u>, 828 F.2d 783, 791 (D.C. Cir. 1987), <u>superseded in part by statute</u>, Pub. L. No. 101-549,

§ 707(f), 104 Stat. 2399, 2683 (1990), <u>as recognized in</u> <u>Mexichem Specialty Resins, Inc. v. Env't</u>

<u>Prot. Agency</u>, 787 F.3d 544, 553 n.6 (D.C. Cir. 2015)).

Plaintiffs contend that two such duties are at issue here. The first is the statute's

instruction that EPA, within 180 days of receiving information that a chemical substance

"presents a significant risk of serious or widespread harm to human beings," "shall . . . initiate

applicable action under section 2604, 2605, or 2606 of this title to prevent or reduce to a

sufficient extent such risk" or otherwise determine that the risk is not unreasonable. <u>See</u> 15

U.S.C. § 2603(f). After the Fifth Circuit's ruling took § 2604's significant-new-use order off the

table, Plaintiffs argue, EPA's primary remaining option for complying with this duty was a

general rulemaking under § 2605. See ECF No. 23 (Opp.) at 20–22. Alternatively, Plaintiffs

contend in their second claim that if EPA fails to promulgate such a rule and make it

immediately effective, it faces an independent nondiscretionary duty to initiate a civil action for

injunctive relief against Inhance under § 2606. See id. at 26–30.

Defendants retort that the September 30 request for public comment posted in the Federal

Register mooted Plaintiffs' first claim by initiating "applicable action" — i.e., a rulemaking

under § 2605. See MTD at 10–13; ECF No. 26 (Reply) at 5–9. They further argue that § 2606

does not impose a nondiscretionary duty on EPA and that, even it did, such relief cannot be

sought until a rule is promulgated without immediate effect — which has not happened here.

See Reply at 9–13.

The Court will address each claim in turn.

A.  Claim One

Article III of the Constitution limits federal courts' jurisdiction to "actual, ongoing

controversies." Honig v. Doe, 484 U.S. 305, 317 (1988). Two interrelated doctrines — standing

and mootness — give life to this requirement. While standing probes "the plaintiff's 'concrete

stake' at the outset of the litigation, mootness depends on whether the parties maintain a

'continuing interest' in the litigation today." Hardaway v. Dist. of Columbia Housing Auth., 843

F.3d 973, 979 (D.C. Cir. 2016) (citation omitted). For that reason, "mootness must be assessed

at 'all stages' of the litigation to ensure a live controversy remains." Aref v. Lynch, 833 F.3d

242, 250 (D.C. Cir. 2016) (citation omitted). Courts must thus determine whether "events have

so transpired" such that a judicial "decision will neither presently affect the parties' rights nor

have a more-than-speculative chance of affecting them in the future." Am. Bar Ass'n v. FTC,

636 F.3d 641, 645 (D.C. Cir. 2011) (citation omitted). If "intervening events make it impossible

to grant the prevailing party effective relief," no live controversy remains.  Lemon v. Geren, 514 F.3d 1312, 1315 (D.C. Cir. 2008) (citation omitted).  Put differently then, if "the parties lack a legally cognizable interest in the outcome," the case is moot and the court must dismiss for lack of jurisdiction.  Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)); see Cierco v. Mnuchin, 857 F.3d 407, 414 (D.C. Cir. 2017).

It is no doubt true that, once the agency was in possession of information showing that PFOA "presents a significant risk of serious or widespread harm to human beings," it faced a nondiscretionary duty to "initiate applicable action under section 2604, 2605, or 2606" within 180 days.  See 15 U.S.C. § 2603(f).  Taking Plaintiffs' allegations as true, EPA's § 2603(f) duty thus arose by March 29, 2023 — which means that it was tardy in issuing its initial order against Inhance (in December 2023) and similarly dragged its feet after the Fifth Circuit vacated its order, thus galvanizing Plaintiffs to file this action last July.

Defendants assert that the agency has now fulfilled that duty by posting its September 30, 2024, notice in the Federal Register to begin the process of "proposing and promulgating [a] rule[] under" § 2605.  See 89 Fed. Reg. at 79582.  As they explain, the publication of that notice "initiate[d] applicable action" under § 2603(f), thereby fulfilling EPA's nondiscretionary duty and extinguishing Plaintiffs' "legally cognizable interest" in bringing the citizen suit.  Already, LLC, 568 U.S. at 91; see Reply at 6–8.

Plaintiffs resist this conclusion, arguing that § 2603(f)'s requirement to initiate applicable action here "plainly" requires "more than collecting information."  Opp. at 20–21.  Instead, they argue, it requires the immediate proposal of a rule addressing the public-health risk of PFAS from fluorinated plastic.  See id. at 21.  In support, they point out that the generous 180-day time limit "would have been unnecessary" if EPA could discharge its obligation merely by posting a

7

request for information.  Id.  They further maintain, with the support of an appended affidavit, that EPA "already knows the answers" to the questions it posed in its notice and should proceed directly to promulgating a rule.  Id. at 23; see ECF No. 23-2 (Decl. of Kyla Bennett).

These arguments, however, impermissibly seek to expand the narrow opening created by the citizen-suit provision.  EPA's sole nondiscretionary duty in § 2603(f) is to "initiate applicable action" under one of three provisions.  To do so under § 2605 (the rulemaking option), as the Government points out, the agency must begin to undertake certain steps unique to that provision, such as the preparation of a "[s]tatement of effects" that considers, among other things, "the reasonably ascertainable economic consequences of the rule."  15 U.S.C. § 2605(c)(2)(A)(iv).  EPA's request for information here was explicitly designed to "inform the Agency's . . .  regulation of" the relevant PFAS "under [§ 2605]."  89 Fed. Reg. at 79582.  That request plainly "initiate[d] . . . action," 15 U.S.C. § 2603(f), under § 2605 by kickstarting the information-gathering process, and it therefore successfully completed the necessary first step of any rulemaking.  Plaintiffs' preferred remedy would thus contravene the statute's own requirements, all in the service of inappropriately "embroil[ing] the Court in an assessment of the substance of EPA's actions or omissions."  Serra Club v. Browner, 130 F. Supp. 2d 78, 90 (D.D.C. 2001).  And they cite no authority for their claim that the agency could rely on the information it already gathered and published for its now-vacated § 2604 order to inform its current § 2605 rulemaking, especially in light of the different "procedural and substantive requirements" between the two sections.  See Reply at 6 (noting that § 2604 orders "are specific to the company" in question, while § 2605 rules are "broader" and separately require considering impact of rulemaking on economy).

8

Nor does it matter here that Plaintiffs had previously petitioned for this rulemaking on April 11, 2024, under a separate section of the TSCA.  See 15 U.S.C. § 2620(a) ("Any person may petition the Administrator to initiate a proceeding for the issuance, amendment, or repeal of a rule under section 2603, 2605, or 2607 of this title.").  As Defendants explain, that petition was granted in full in the July 10, 2024, letter sent to Plaintiffs and their environmental allies.  See Pet. Grant.  The letter indicated that the agency subsequently planned to "commence an appropriate proceeding under" § 2605, beginning with a request for information.  Id. at 3.  That Plaintiffs subsequently filed a citizen suit seeking to compel EPA to do just that — except faster — does not entitle them to any additional relief under the statute.  Rather, the initiation of the rulemaking process under § 2605 serves the dual role of implementing the grant of the § 2620 rulemaking petition while also fulfilling EPA's nondiscretionary duty under § 2603(f).

The September 30 publication thus rendered moot Plaintiffs' first claim for relief, for which the only available remedy would have been a court order requiring EPA to "initiate applicable action" under that section.  Cf. Ctr. for Env't Health v. Regan, 103 F.4th 1027, 1038 (4th Cir. 2024) (where statutory language requires EPA only to "initiate a proceeding for the issuance of a rule or an order," "all the district court can provide . . . is an order directing the EPA to initiate a proceeding for a rule or order") (emphasis omitted).  To the extent that Plaintiffs' prayer for relief asks for more, it goes beyond the TSCA's limited language and thus fails to state a claim for relief.  See Givens v. Bowser, 111 F.4th 117, 121–22 (D.C. Cir. 2024) (argument that different statute does not permit requested relief "is a merits question, not a jurisdictional question").  In either event, it must be dismissed.

9

B.  Claim Two

The basis for Plaintiffs' second claim is slightly more opaque.  As previously noted, they assert that EPA has a nondiscretionary duty to initiate a suit for injunctive relief against Inhance under § 2606, which authorizes the agency to commence civil actions to seize "imminently hazardous" chemical substances and enjoin manufacturing or distributing such substances.  See 15 U.S.C. § 2606(a)(1).  To the extent that Plaintiffs believe this duty arises from § 2603(f), it was fulfilled when EPA initiated the rulemaking under § 2605.  That is because the statute plainly leaves to the agency's discretion the choice of how to satisfy its nondiscretionary duty, as long as it "initiate[s] applicable action under section 2604, 2605, or 2606."  15 U.S.C. § 2603(f) (emphasis added); cf. Campos-Chaves v. Garland, 144 S. Ct. 1637, 1647 (2024) ("The word 'or' is almost always disjunctive and is generally used to indicate an alternative.") (cleaned up).

Plaintiffs also argue, however, that such duty arises from § 2606 itself.  To get there, they rely on the provision's instruction that EPA "shall" initiate a civil suit to address an imminently hazardous chemical substance "[i]f the Administrator has not made a rule under section 2605(a) of this title immediately effective."  15 U.S.C. § 2606(a)(2).  On Plaintiffs' telling, if an imminently hazardous chemical substance is known to exist, and EPA has not yet promulgated a rule to address it, it is obligated to bring suit under § 2606.  See Opp. at 26–28.

This argument stumbles off the starting block.  Even assuming that the provision establishes a nondiscretionary duty — which the Court doubts, given the lack of a deadline that is "date-certain" or "readily-ascertainable by reference to some other fixed date or event," Thomas, 828 F.2d at 790–91 — the apparent textual predicate of such an obligation is the existence of a § 2605 rule in the first place.  Only then, and only once such a rule had not been

10

made "immediately effective," could any duty arise under § 2606.  Absent a rulemaking, there is nothing to be made "immediately effective" and consequently no obligation under § 2606(a)(2).

Plaintiffs protest that such a construction is "bizarre," allowing suit when a "rulemaking is already underway but not where [EPA] has taken no action at all against the imminent hazard."  Opp. at 27.  Whether or not that is so, it is the clear command of the statutory language, which the Court is bound to follow.  See Fourstar v. Garden City Grp. Inc., 875 F.3d 1147, 1152 (D.C. Cir. 2017) ("It is not a judge's job to add to or otherwise re-mold statutory text to try to meet a statute's perceived policy objectives.  Instead, we must apply the statute as written.").

Besides, it is Plaintiffs' construction that corrodes the statutory scheme.  Their interpretation would require EPA to file suit under § 2606(a)(2) any time it finds an imminent hazard, so long as no rule had yet been promulgated to address it.  But subsection (a)(1) of that provision vests the agency with discretion over the filing of such suits generally, stating that the administrator "may" do so "notwithstanding" the existence of any other rule or order.  See 15 U.S.C. § 2606(a)(1).  The regulatory paradigm thus appears to be one that broadly leaves to EPA the decision of whether to file an imminent-hazard suit in any given instance, subject to the more limited injunction in (a)(2) that the administrator "shall" do so whenever a rule promulgated to address the specific hazard has not been made "immediately effective."  See, e.g., United States v. Com. Edison Co., 620 F. Supp. 1404, 1411 (N.D. Ill. 1985) ("Section 2606 permits the government to close regulatory loopholes by taking action against applications of toxic chemicals whose health and environmental risks are not sufficiently minimized by the regulatory scheme.") (emphasis added).

If the Court were to adopt Plaintiffs' construction, however, EPA would be required to file an imminent-hazard suit in all circumstances except when it already has a rule in effect

11

addressing the specific hazard.  Subsection (a)(2)'s mandatory-suit requirement would then become the default, confining (a)(1)'s discretion only to limited circumstances.  Plaintiffs have supplied little reason to read the statute in that manner.  Congress, moreover, may have had good reasons for preferring otherwise: Defendant's interpretation ensures, for instance, that dramatic interventions such as requesting the court-ordered seizure of property or halting of industrial production are left to the agency's discretion and will become mandatory only once EPA has completed the careful consideration required by the statute's rulemaking provisions.

Plaintiffs' second claim therefore falls outside the terms of the TSCA's citizen-suit provision.  Because that provision "constitutes a limited waiver of the federal government's sovereign immunity," Physicians Comm. for Responsible Med. v. Horinko, 285 F. Supp. 2d 430, 441 (S.D.N.Y. 2003); see Basel Action Network v. Maritime Admin., 370 F. Supp. 2d 57, 75–76 (D.D.C. 2005), the claim must be dismissed for lack of subject-matter jurisdiction.  Cf. Sierra Club v. Wheeler, 956 F.3d 612, 616 (D.C. Cir. 2020) (construing as jurisdictional essentially identical citizen-suit provision in Clean Air Act).  Even were that not so, however, see Ctr. for Env't Health v. Inhance Tech. USA, 2023 WL 2808710, at *2 (D.D.C. Apr. 6, 2023) (noting D.C. Circuit has yet to weigh in on whether separate provision of § 2619 is jurisdictional), Plaintiffs have, at a minimum, failed to state a claim under the statute.

## IV.     Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss and deny as moot Inhance's Motion to Intervene.  A separate Order so stating will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date:  December 11, 2024